*Plaintiff, pro se*

FILED - GR
July 30, 2026 2:54 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:ARR  SCANNED BY: AR / 7.31

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

Southern Division

**1:26-cv-2216**

**Jane M. Beckering**

**U.S. District Judge**

|  |  |
|---|---|
| Brionna Coleman<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint.<br>If the names of all the plaintiffs cannot fit in the space above,<br>please write "see attached" in the space and attach an additional<br>page with the full list of names.)<br><br>-v-<br><br>(See attached)<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued.  If the<br>names of all the defendants cannot fit in the space above, please<br>write "see attached" in the space and attach an additional page<br>with the full list of names.) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*  ☐ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Brionna Kay Coleman |
| Street Address | 121 Academy St Apt 3 |
| City and County | Battle Creek, Calhoun |
| State and Zip Code | Michigan, 49014 |
| Telephone Number | (269) 472-5566 |
| E-mail Address | Brionnakay10@outlook.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(please see attached)*

Defendant No. 1

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

pro se

## Attachment: List of Defendants

**Defendant 1**

- **Name:** Officer J.A. Ogden
- **Job Title:** Police Officer
- **Address:** Battle Creek Police Department, 34 N Division St, Battle Creek, MI 49014
- **County:** Calhoun County
- **Telephone Number:** (269) 966-3322

**Defendant 2**

- **Name:** Corporal K. Brown
- **Job Title:** Police Corporal
- **Address:** Battle Creek Police Department, 34 N Division St, Battle Creek, MI 49014
- **County:** Calhoun County
- **Telephone Number:** (269) 966-3322

**Defendant 3**

- **Name:** City of Battle Creek
- **Job Title:** Municipal Government Entity
- **Address:** 10 N Division St, Battle Creek, MI 49014 *(City Hall Address)*
- **County:** Calhoun County
- **Telephone Number:** (269) 966-3311

**Defendant 4**

- **Name:** Shane Leech
- **Job Title:** Landlord / Property Owner
- **Address:** unknown
- **County:** Kent County
- **Telephone Number:** (269)506-0115

**Defendant 5**

- **Name:** Horizon Housing LLC
- **Job Title:** Property Management Company
- **Address:** unknown
- **County:** Kent County
- **Telephone Number:** (269)506-0115

**Defendant 6**

- **Name:** Ray
- **Job Title:** Property Manager / Maintenance Person
- **Address:** unknown
- **County:** Kent County
- **Telephone Number:** unknown

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question              [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. 42 U.S.C. 1983; First amendment (Retaliation); Fourth Amendment (excessive force); Fourteenth Amendment (deliberate indifference); 28 U.S.C 1331; and 28 U.S.C. 1367

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* NA , is a citizen of the State of *(name)* N/A .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* N/A , is incorporated under the laws of the State of *(name)* N/A , and has its principal place of business in the State of *(name)* N/A .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)    ( See attached )

a.    If the defendant is an individual

The defendant, *(name)* N/A , is a citizen of the State of *(name)* N/A . Or is a citizen of *(foreign nation)* N/A .

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.  If the defendant is a corporation

The defendant, *(name)* _____N/A_____ , is incorporated under

the laws of the State of *(name)* _____N/A_____ , and has its

principal place of business in the State of *(name)* _____N/A_____ .

Or is incorporated under the laws of *(foreign nation)* _____N/A_____ ,

and has its principal place of business in *(name)* _____N/A_____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

(To be determined at trial)

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

N/A

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(please see attached form)

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

(please see attached form)

pro se

## III. Statement of Claim

### Background & Housing Violations

1. Plaintiff was a lawful resident of 42 Corwin St, Apt 1, Battle Creek, Michigan.

2. On August 4, 2025, Defendant Ray (Last Name Unknown), acting as an agent for Defendant Shane Leech and Defendant Horizon Housing LLC, attempted to enter Plaintiff's residence to perform a purported repair without providing the legally required 24-hour notice.

3. When Plaintiff lawfully exercised her right to deny him entry, Defendant Ray retaliated by calling the Battle Creek Police Department to have her removed.

4. While on video and standing in front of the responding officers, Defendant Ray falsely stated to law enforcement that he was not the individual who called them.

5. Defendant Ray's stated reason for entry on August 4, 2025, was pretextual; Plaintiff secured photographic evidence showing the "repair" consisted only of placing random objects and a chair in front of a large hole in the door, a condition that remained completely unfixed until Plaintiff moved out in January 2026.

6. During a subsequent visit to the property, Defendant Ray contradicted his previous statements to the police, admitting to Plaintiff that he was the caller, and proceeded to make unwelcome sexual advances toward Plaintiff while she was behind on rent, violating the Fair Housing Act.

### The Police Arrival & Refusal of Evidence

7. At approximately 1:28 PM on August 4, 2025, Battle Creek Police Department Defendants Corporal K. Brown (Badge #20047) and Officer J.A. Ogden (Badge #202151) arrived at 42 Corwin St for "neighbor trouble".

8. The responding officers made contact with Plaintiff, identifying her as a 23-year-old Black female.

9. At approximately 1:42 PM (13:42:04 EDT), Plaintiff was interacting with the Defendant Officers on her porch, an interaction fully captured by Plaintiff's Ring security camera.

10. Plaintiff explicitly informed the officers of the camera, stating on video, "I have a camera right here, you can see the whole thing if you want," offering it as exculpatory evidence against the property manager claims.

11. Defendants Brown and Ogden refused to view the video evidence or properly investigate Defendant Ray's claims.

### First Amendment Retaliation & Falsified Reports

12. Instead of investigating, Defendant Ogden threatened Plaintiff with arrest by explicitly stating on video, "If you don't stop yelling and talking you're going to go to jail".

13. Defendant Ogden made no mention of outstanding warrants during this exchange, making the threat of arrest strictly conditional upon Plaintiff surrendering her First Amendment right to speak.

14. Plaintiff responded to Defendant Ogden using protected First Amendment speech, at which point Defendants Ogden and Brown immediately charged up the steps of Plaintiff's porch to initiate a physical seizure.

15. Following the incident, Defendant Ogden falsified her official police narrative for Case #25-006679, falsely claiming she advised Plaintiff that "if she did not go inside that she would be taken to jail on her warrants". The Ring video recording definitively proves warrants were never mentioned to Plaintiff prior to the physical seizure.

## Fourth Amendment Violation (Unlawful Entry & Excessive Force)

16. As Defendants Ogden and Brown aggressively charged up the porch steps, Plaintiff attempted to lawfully retreat from the shared hallway into the safety and absolute privacy of her own residence, Apartment 1.

17. Before Plaintiff could fully secure her door, Defendant Brown physically grabbed Plaintiff's arm at the threshold.

18. Defendant Brown used excessive physical force to detain Plaintiff, pulling her into the private interior of Apartment 1 and forcing her to the floor to execute the arrest.

## Deliberate Indifference During Transport

20. Plaintiff was placed into the rear of Defendant Brown's patrol vehicle for transport to the Calhoun County Jail.

21. During the transport, Plaintiff began experiencing severe physical distress, including intense coughing and extreme difficulty breathing due to being physically crushed during the arrest inside her home.

22. Plaintiff repeatedly begged Defendant Brown for air, explicitly notifying him that she was suffocating.

23. For an extended period, Defendant Brown acted with deliberate indifference, ignoring Plaintiff's pleas for help and refusing to provide immediate medical assistance or ventilation.

24. Only after prolonged suffering did Defendant Brown eventually crack open a window.

25. Upon arrival at the jail facility, Defendant Brown left Plaintiff confined inside the patrol vehicle in the enclosed parking garage/sally port until her physical state rapidly deteriorated to the point where she began coughing uncontrollably, foaming at the mouth, and bleeding from an unknown location.

**Fourteenth Amendment Violation (Cruel & Unusual Punishment & Medical Neglect)**

26. By the time Plaintiff was escorted out of the vehicle and into the intake area of the Calhoun County Jail, she was actively bleeding from injuries sustained during the physical arrest and confinement.

27. Despite her physical distress, Calhoun County Jail deputies strapped Plaintiff into a restraint chair.

28. Plaintiff was left strapped in the restraint chair for over an hour and was forced to sit in her own urine.

29. A jail officer entered the room and acknowledged Plaintiff's prolonged confinement, stating he was only there to "give [her] wrists a break" and that she had to remain in the chair for another 45 minutes.

30. The physical trauma of the arrest and the punitive use of the restraint chair caused severe medical distress; on August 6, 2025, clinical laboratory testing confirmed Plaintiff's CPK (Creatine Kinase) level was 839 U/L (normal range is below 172 U/L), indicating acute muscle trauma and breakdown.

31. Furthermore, Plaintiff's Urine Albumin/Creatinine Ratio tested severely elevated at 113 mg/g (normal range is below 30 mg/g), clinically corroborating severe kidney stress and dehydration resulting from being deprived of water and confined in the restraint chair.

## IV. Relief Requested

**WHEREFORE, Plaintiff Brionna Coleman respectfully requests that this Court enter judgment in her favor and against Defendants as follows:**

1. **Compensatory Damages:** Award compensatory damages against BCPD Defendants (Brown and Ogden) and Calhoun County Defendants, jointly and severally, in an amount to be determined at trial, but **not less than $100,000.00**. This reflects the physical injuries, acute muscle trauma, severe emotional distress, interference with Plaintiff's higher education at KCC, and the profound violation of Plaintiff's constitutional rights.

2. **Punitive Damages:** Award punitive damages against Defendants Brown and Ogden in their individual capacities to punish intentional, retaliatory, and bad-faith conduct.
3. **Housing / State Claims:** Award compensatory and statutory damages against Defendants Shane Leech, Horizon Housing LLC, and Ray, jointly and severally, in an amount **not less than $10,000.00**, for violations of the Fair Housing Act, breach of lease/habitability, and sexual harassment.
4. **Costs:** Award Plaintiff any court costs and FOIA filing fees incurred in bringing this action.
5. **Further Relief:** Grant any additional legal or equitable relief this Court deems just and proper.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    7-28-2026

Signature of Plaintiff    Brionna Coleman

Printed Name of Plaintiff    Brionna Coleman

Planiff, Pro se

### B.    For Attorneys

Date of signing:    N/A

Signature of Attorney    N/A
Printed Name of Attorney    N//+
Bar Number    N/A
Name of Law Firm    N/A
Street Address    N/A
State and Zip Code    N/A
Telephone Number    N/A
E-mail Address    N/A

Page 5 of 5

**FROM:**

Brionna Coleman
121 Academy St, Apt 3
Battle Creek, MI, 49014





**UNITED STATES POSTAL SERVICE.**    *Retail*

**G**    US POSTAGE PAID
**$8.05**
Origin: 49016
07/28/26
2506800225-24

**USPS GROUND ADVANTAGE®**

CERTIFIED MAIL

0 Lb 6.40 Oz
**RDC 01**

C040

SHIP TO:

110 MICHIGAN ST NW
GRAND RAPIDS MI 49503-2300

**USPS TRACKING® #**



9500 1124 2861 6209 1782 68



**TO:** Clerk of Court
U.S District Court,
Western District of Michigan
399 Federal Building
110 Michigan St, NW
Grand Rapids, MI 49503

t Mailer

